IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
|     Washington Field Office | ) | |
|     131 M. Street, N.E. | ) | Civil Action No. _____ |
|     Ste. 4NW02F | ) | |
|     Washington, D.C. 20507 | ) | |
| | ) | **COMPLAINT** |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
|     v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| VADOR VENTURES, INC. d/b/a | ) | |
| TOTAL QUALITY BUILDING SERVICES | ) | |
|     8311 Wisconsin Avenue | ) | |
|     Ste. C-18 | ) | |
|     Bethesda, MD 20814 | ) | |
| | ) | |
|     Defendant. | ) | |

NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA") to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex and to correct unlawful employment practices on the basis of retaliation. This is also an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to collect back wages due to Sonia Rivera as a result of such unlawful payments, to correct unlawful employment practices on the basis of sex and retaliation, and to provide other appropriate relief to Rivera who was adversely affected by such practices. As alleged with

greater particularity in Paragraphs 12-20 below, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Vador Ventures, Inc., d/b/a Total Quality Building Services ("Defendant"), subjected Sonia Rivera to unlawful discrimination by paying her lower wages than that paid to her male counterpart for performing substantially equal work and also subjected her to retaliation by firing her after she complained about receiving lower wages than her male counterpart.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the EPA, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division.

## PARTIES

3.      Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the EPA and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of

Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.     At all relevant times, Vador Ventures, Inc., d/b/a Total Quality Building Services ("Defendant") has continuously been an employer doing business in the State of Virginia and the City of Reston and has continuously had 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6.     At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.     At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i), and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that the enterprise has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

8.     More than thirty days prior to the institution of this lawsuit, Sonia Rivera ("Rivera") filed a charge of discrimination with the Commission alleging violations of Title VII

3

and the EPA by her former employer, Defendant.

9.      On May 16, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the EPA and Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices described therein and to provide appropriate relief.

10.     On June 29, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF TITLE VII CLAIMS</u>

12.     Beginning and throughout March 2016, Defendant engaged in unlawful employment practices at 1111 Sunset Hills Road, Reston, Virginia (the Reston job site), in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), by paying Rivera lower wages than those paid to her male counterpart for performing substantially equal work and by retaliating against her when she complained about receiving unequal wages.

13.     Since 2013, Rivera had been a janitorial worker at the Reston job site.

14.     In March 2016, Defendant assumed the janitorial contract for the Reston job site and continued Rivera's employment, paying her $11.40 per hour.

15.     Rivera's responsibilities included performing various janitorial duties at the Reston job site.

16.     At the Reston job site, Defendant also employed Marvin Portillo as a janitorial worker.  Defendant paid Portillo $13.10 per hour.

17.     Portillo performed substantially equal duties as Rivera, in the same establishment.

18.     Shortly after Defendant hired her, Rivera learned what Defendant was paying Portillo.   She complained to her supervisor, Defendant's Virginia Regional Director, Jose Suarez, about the pay disparity and asked Suarez to increase her pay because she was doing the same work as Portillo.

19.     Suarez did not increase Rivera's pay.  Instead, after Rivera complained to him, he added cleaning the men's bathrooms to her duties, even though Portillo had been cleaning the men's bathrooms and Rivera was responsible for the women's bathrooms. Suarez also made demeaning comments to Rivera, such as calling her "india," which is an ethnic slur, and telling her that, in his view, indigenous Latinos "keep their heads down," and work without complaining.

20.     A few weeks after her initial complaint to Suarez, on, or around, March 30, 2016, after Suarez had instructed Rivera to clean the men's restrooms at the end of her shift, Rivera reiterated her request for equal pay.  Suarez responded by telling Rivera that she was fired and demanded that she leave the work site immediately.

21.     The effect of the practices complained of in Paragraphs 12-20 above have been to deprive Rivera of equal pay, deny her equal employment opportunities, and otherwise adversely affect her status as an employee because of her sex.

22.     The effect of the practices complained of in Paragraphs 12-20 above have been to adversely affect Rivera's status as an employee and to terminate her employment because she engaged in protected activities.

23.     The unlawful employment practices complained of in Paragraphs 12-20 above were intentional.

24.     The unlawful employment practices complained of in Paragraphs 12-20 above were done with malice or with reckless indifference to Rivera's federally protected rights.

STATEMENT OF EQUAL PAY ACT CLAIMS

25.     Throughout March 2016, Defendant violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2).

26.     The unlawful practices described in Paragraphs 12-20 above, which are incorporated herein, include paying wages to Rivera at a rate less than the rate paid to a male co-worker in the same establishment for substantially equal work, the performance of which requires equal skill, effort, and responsibility, and which is performed under similar working conditions.

27.     The unlawful practices described in Paragraphs 12-20 above, which are incorporated herein, include firing Rivera because she complained about receiving less pay than her male co-worker even though they performed substantially equal work.

28.     As a result of the acts described in Paragraphs 12-20 above, which are incorporated herein, Defendant unlawfully withheld the payment of wages due to Rivera who received lower compensation than her male co-worker and unlawfully terminated Rivera's employment in retaliation for her engaging in protected activity.

29.     The unlawful practices described in Paragraphs 12-20 were willful.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of

sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs, the performance of which, require equal skill, effort, and responsibility, and which are performed under similar working conditions;

B.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against any employees within any of its establishments who engage in protected activity;

C.      Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities for women, and which prevent unlawful compensation discrimination and retaliation from occurring in the future, and which eradicate the effects of its past and present unlawful employment practices;

D.      Order Defendant to make Rivera whole by providing her appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above;

E.      Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Rivera whose wages were unlawfully withheld as a result of the unlawful employment practices described above;

F.      Order Defendant to make Rivera whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation, and humiliation, in amounts to be determined at trial;

G.    Order Defendant to pay Rivera punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

H.    Grant such further relief as the Court deems necessary and proper in the public interest; and

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA LUISA MOROCCO
Supervisory Trial Attorney

TANISHA WILBURN
Trial Attorney
U.S. EEOC
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, D.C. 20507
Phone: (202) 419-0712
Fax:   (202) 419-0740
tanisha.wilburn@eeoc.gov
Federal Bar No. 19271

DAVID STAUDT
Va Bar ID #47442
Attorney for Plaintiff EEOC
U. S. Equal Employment Opportunity

Commission
10 S. Howard St., 3rd Floor
Baltimore, MD 21201
Phone: (410) 209-2249
Fax:    (410) 962-4270
david.staudt@eeoc.gov

ATTORNEYS FOR PLAINTIFF