IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:17-cv-01083-TSE-IDD |
| Plaintiff. | | |
| v. | | |
| VADOR VENTURES, INC. d/b/a TOTAL QUALITY BUILDING SERVICES | | |
| Defendant. | | |

## CONSENT DECREE

On September 27, 2017, Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or "Commission" or "EEOC") brought this action against Defendant, Vador Ventures, Inc., d/b/a Total Quality Building Services ("Defendant") under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, alleging that Defendant subjected Sonia Rivera to unlawful discrimination by paying her lower wages than that paid to her male counterpart for performing substantially equal work and also subjected her to retaliation by firing her after she complained about receiving lower wages than her male counterpart. The parties desire to resolve this action without the time and expense of continued litigation and, as a result, have jointly formulated a plan to be embodied in a Consent Decree ("Decree") that will promote and effectuate the purposes of the EPA and Title VII. This Decree shall not constitute an adjudication on the merits of the Commission's case and shall not be construed as any admission by Defendant of any

1

discriminatory practice. Nor shall it be construed as a waiver by the Commission of any contentions of discrimination.

The Court has examined this Decree and finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure, the EPA, and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED, AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this action ("the Complaint"). This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties to enforce compliance with the Decree, including by issuing such orders as may be required to effectuate the purpose of the Decree. If the Court determines that Defendant has failed to meet the established terms at the end of two (2) years, the duration of the Decree may be extended.

3. Unless otherwise noted, the provisions of the Decree shall be limited to Defendant's location at 11111 Sunset Hills Road, Reston, VA 20190.

### Monetary Relief

4. Within thirty (30) days after entry of this Decree, Defendant shall pay relief to Rivera in the amount of $23,461.60 for back pay and $13,000.00 for other damages sought pursuant to

42 U.S.C. § 1981a(b). Defendant will issue to Rivera an IRS Form W-2 reflecting the back pay amount and 1099 reflecting the 1981a(b) damages amount for the 2018 tax year. The check and IRS Forms will be sent directly to Rivera at the address provided by EEOC counsel and a photocopy of the check and related correspondence will be sent to the EEOC's counsel of record at the same time that the documents are sent to Rivera.

## **Injunctive Relief**

5. Defendant, its officers, agents, servants, employees, successors, and assigns, are hereby enjoined from discriminating on the basis of sex with respect to wages for the duration of the Decree. Such sex-based discrimination violates the Equal Pay Act, which, in part, is set forth below:

> No employer . . . shall discriminate, within any establishment in which such employees are employed between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1).

Such sex-based discrimination also violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) . . . to discriminate against any individual with respect to [his or her] . . . terms, conditions, or privileges of employment, because of such individual's . . . sex .
> . . .

42 U.S.C. § 2000e-2(a)(1).

6. Defendant, its officers, agents, servants, employees, successors, and assigns, are further enjoined from retaliating against any individual for asserting his or her rights under Title VII or otherwise engaging in protected activity, such as by complaining of discrimination,

3

opposing discrimination, filing a charge, or giving testimony or assistance with an investigation or litigation, as set forth in the following provision of Title VII:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

7. Defendant, its officers, agents, servants, employees, successors, and assigns, are further enjoined from retaliating against any individual for asserting his or her rights under the EPA or otherwise engaging in protected activity, such as by complaining of discrimination, opposing discrimination, filing a charge, or giving testimony or assistance with an investigation or litigation, as set forth below in the following provision of the Fair Labor Standards Act, as incorporated by the EPA:

> (a) [I]t shall be unlawful for any person –
>
> (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act . . . or has testified or is about to testify in any such proceeding. . . .

29 U.S.C. § 215(a)(3).

### Employment Policies and Procedures

8. Within thirty (30) days of the entry of this Decree, Defendant shall revise its current company-wide EEO or discrimination policy and/or procedure, or develop a new company-wide policy and/or procedure, that at a minimum, does the following:

4

a. Includes a provision regarding Defendant's commitment to prevent unlawful discrimination, including, but not limited to, sex-based pay discrimination and retaliation;

b. Includes a provision that states that sex discrimination is prohibited and will not be tolerated;

c. Includes a provision that states that retaliation for complaining about perceived discriminatory policies, practices, and/or treatment, including, but not limited to sex-based pay discrimination, is prohibited and will not be tolerated;

d. Includes a provision encouraging persons who believe they have been discriminated against and/or retaliated against to report such concerns to those employees within Defendant's organization who have been authorized to handle and/or investigate discrimination complaints;

e. Includes a provision that specifically identifies those employees who have been authorized to handle and/or investigate discrimination complaints; this information should include the employee's full name, job title, direct phone number; and email address. Also, Defendant should ensure that such employees are able to understand, or refer, complaints from non-English speaking employees.

f. Includes a provision explaining the steps an employee must take to report discrimination, this explanation should include the option to report the complaint orally or in writing; and

g. Includes a provision stating that Defendant will investigate all complaints alleging discrimination and/or retaliation, and that such an investigation will be prompt, fair, and reasonable.

9. The revised, or new, policy and/or procedure, should be available in English and Spanish. Additionally, Defendant shall post a copy of the revised, or new, policy and/or procedure in a place easily accessible to all employees, where similar notifications are typically posted. Defendant will certify to EEOC's counsel of record within thirty (30) days of the posting of the policy and/or procedure.

10. Defendant will distribute the revised, or new, policy and/or procedure to new employees within five (5) days of hire and will require the employee to certify that he or she has read and understood the policy. Defendant will retain copies of these certifications for the duration of the Decree and will send copies annually to the EEOC's counsel of record.

11. Within thirty (30) days after the effective date of the Decree, Defendant will review, or develop, the job description for the Day Porter position for those employees who work at its Northern Virginia job sites and, within this job description, identify the factors which could result in an incumbent in this position being paid in excess of the rate of pay required by the collective bargaining agreement. Defendant will revise, or develop, the description to ensure that it accurately reflects the duties and responsibilities of the Day Porter position. Defendant will distribute the revised, or new, job description to the employees at its Northern Virginia job sites who are classified in this position within fourteen (14) days of its review, or development, of the description. Defendant will send copies of the revised, or new, job description to the EEOC's counsel of record within thirty (30) days of the distribution of the description.

12. For the duration of the Decree, Defendant shall retain the pay data for all Day Porters and Overscale Day Porters at its Northern Virginia job sites. This data should include the employee's full name, job title, sex, current mailing address, telephone number, email

address, and pay rate. During the life of the Decree, the data shall be available to the EEOC for inspection within thirty (30) days of a request made by the EEOC to Defendant's counsel of record.

### Training

13. Within sixty (60) days of the entry of this Decree, Defendant shall provide three (3) hours of live, interactive training on the EPA and Title VII with a specific emphasis on sex-based pay discrimination and the prohibition against retaliation. This training must be provided to all management employees with supervisory responsibilities and to those employees who are authorized to handle and/or investigate discrimination complaints.

14. Defendant shall provide annual refresher training for the duration of this Decree to the aforementioned employees. This training must be two (2) hours in duration and should address any new developments and/or clarifications on the EPA and Title VII that are related to sex-based pay discrimination and/or the prohibition against retaliation.

15. Defendant shall provide three (3) hours of the aforementioned training to any employee who is hired, promoted, or transferred to a position that involves supervisory responsibilities and/or authorization to handle and/or investigate discrimination complaints. This training can be a recording of the initial training that was provided to employees pursuant to paragraph 13. This training should be provided to employees within thirty (30) days of their hire, transfer, or promotion.

### Posting

16. Defendant will post an "8 ½ x 11" notice, Attachment A, in all places visually accessible to its employees. Within ten (10) business days of the posting, Defendant will provide the EEOC counsel of record with certification that the posting has occurred.

## Monitoring

17. The EEOC has the right to monitor and review compliance with this Decree. Accordingly:

   a. Annually for the duration of this Decree, and one (1) month before the expiration of this Decree, Defendant must submit written proof via affidavit or declaration to the EEOC counsel of record that it has complied with each of the requirements set forth above. Such proof must include, but need not be limited to, an affidavit or declaration by a person with personal knowledge establishing: (a) the completion of the training sessions for the employees referenced in paragraphs 13-15; (b) the distribution of the revised, or new, EEO or discrimination policy and/or procedure to new employees, consistent with paragraph 10; and (c) that it has complied with the injunctions in paragraphs 5 - 7.

   b. For the duration of this Decree, Defendant must create and maintain such records as are necessary to demonstrate its compliance with the Decree and 29 C.F.R. §1602 *et seq.*

   c. Any report or notification to the EEOC required under this Decree shall be sent to Tanisha Wilburn, Trial Attorney, Washington Field Office, 131 M Street, N.E., Suite 4NW02F, Washington, DC 20507.

## Miscellaneous Provisions

18. Upon motion of the EEOC, the Court may schedule a hearing for reviewing compliance with this Consent Decree. Prior to such motion, the EEOC shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have thirty (30) days either to correct the alleged non-compliance, and so inform the EEOC counsel of record, or deny the alleged non-compliance, in writing. If the parties cannot in good faith resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach.

19. The Commission and Defendant shall bear their own costs and attorneys' fees.

20. The case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Consent Decree.

21. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF

/s/     1/17/18
_____
T. S. Ellis, III
United States District Judge

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria Luisa Morocco
MARIA LUISA MOROCCO
Supervisory Trial Attorney

David Staudt
_____
David Staudt
Trial Attorney
U.S. EEOC
Baltimore Field Office
G. H. Fallon Federal Bldg.
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 209-2249
Fax:    (410) 962-4270
david.staudt@eeoc.gov
Virginia State Bar No. 47442

/s/ Tanisha R. Wilburn
TANISHA R. WILBURN
Trial Attorney
U.S. EEOC
Washington Field Office
131 M Street, N.E. Suite 4NW02F

9

Washington, D.C. 20507
Phone: 202-419-0712
Fax: 202-419-0740
tanisha.wilburn@eeoc.gov
(admitted *pro hac vice*)


FOR DEFENDANT:

*/s/ Mitchell Batt* (By EEOC, David Staudt, #47442, with permission)
Mitchell Batt
The Law Offices of Mitchell Batt
451 Hungerford Drive, Suite 200
Rockville, MD 20850
mbatt@verizon.net
Virginia State Bar No. 37574

# NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EEOC AND DEFENDANT VADOR VENTURES, INC., D/B/A TOTAL QUALITY BUILDING SERVICES

1. This Notice is posted as part of the resolution of a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") and Vador Ventures, Inc., d/b/a Total Quality Building Services ("Total Quality") in the United States District Court for the Eastern District of Virginia (*EEOC v. Vador Ventures, Inc., d/b/a Total Quality Building Services*, No. 1:17-cv-01083-TSE-IDD). The EEOC brought this action to enforce provisions of the Equal Pay Act and Title VII of Civil Rights Act of 1964, as amended, which prohibits employers from discriminating against employees on the basis of sex.

2. Discrimination because of sex includes paying an employee different wages based on his or her sex. Federal law also prohibits retaliation against any employee because he or she has opposed unlawful employment discrimination or because he or she gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted his or her rights under the laws enforced by the EEOC.

3. Total Quality will comply with such federal laws in all respects. Furthermore, Total Quality will not take any action against an employee because he or she has exercised his or her rights, reported an alleged violation under the law, or given testimony, assistance, or participated in any investigation, proceeding, or hearing conducted by the EEOC.

4. Employees should feel free to report instances of discriminatory treatment to a supervisor manager, or other Total Quality official responsible for handling such complaints, at any time. Total Quality has established policies and procedures to promptly investigate any such reports and to protect the employee making the reports from retaliation, including retaliation by the employee allegedly guilty of the discrimination. Total Quality will take all discrimination complaints seriously and address them appropriately.

5. Also, an employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination to the EEOC. An employee may contact their local EEOC field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
Washington Field Office
131 M. Street, N.E., Suite 4NW02F
Washington, D.C. 20507
TEL: 202-419-0713
TTY: 202-419-0702
www.eeoc.gov

This Notice will remain posted for at least two (2) years by agreement with the EEOC. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2020.

**ATTACHMENT A**